UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CARLOS HELIEL VAIL LUX, ALVARO )
GAMALIEL VAIL LUX, and all others )
similarly situated under 29 U.S.C. 216(b), )
                                                )
             Plaintiffs, )
 vs. )
                                                )
RCH LAWN MAINTENANCE LLC, )
SETH HOROWYTZ, )
                                                )
            Defendants. )
_____ )

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS**

Plaintiffs, CARLOS HELIEL VAIL LUX and ALVARO GAMALIEL VAIL LUX, on behalf of themselves and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, RCH LAWN MAINTENANCE LLC, and SETH HOROWYTZ, and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.

3. The Defendant RCH LAWN MAINTENANCE LLC, is a limited liability company that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

4. The individual Defendant SETH HOROWYTZ is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for

the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiffs who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff CARLOS HELIEL VAIL LUX worked for Defendants as a lawn maintenance worker from on or about May 1, 2015 through on or about November 30, 2016.

10. Plaintiff ALVARO GAMALIEL VAIL LUX worked for Defendants as a lawn maintenance worker from on or May 1, 2015 through on or about November 30, 2016.

11. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

12. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

13. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2014 and 2015.

14. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $375,000 for the first nine months of the year 2016 and is expected to exceed $500,000 for the year 2016.

15. Upon information and belief, Defendants own approximately two (2) other lawn service and maintenance companies throughout South Florida and are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between Defendants and approximately two (2) other lawn service and maintenance companies throughout South Florida are performed through unified operation and/or common control, are being done for a common business purpose and

there is cross-utilization of employees during the same work weeks simultaneously benefiting all Companies which are operated by the same company officers for a common business purpose.

16. Individual Defendant SETH HOROWYTZ was Plaintiffs' individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

17. Between the period of on or about May 1, 2015 through on or about November 30, 2016, Plaintiff CARLOS HELIEL VAIL LUX worked an average of 48 hours a week for Defendants, of which an average of 8 overtime hours a week were spent loading and unloading tools/equipment on and off Defendants' trucks and travelling to and from Defendants' jobsites and to and from Defendants' place of business on loaded work trucks, and was paid an average of $12.00 per hour. Plaintiff was never paid anything at all for an average of 8 overtime hours a week spent loading and unloading tools/equipment on and off Defendants' trucks and travelling to and from Defendants' jobsites and to and from Defendants' place of business on loaded work trucks as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for an average of 8 overtime hours that he worked above 40 in a week spent loading and unloading tools/equipment on and off Defendants' trucks and travelling to and from Defendants' jobsites and to and from Defendants' place of business on loaded work trucks.

18. Between the period of on or about May 1, 2015 through on or about November 30, 2016, Plaintiff ALVARO GAMALIEL VAIL LUX worked an average of 48 hours a week for Defendants, of which an average of 8 overtime hours a week were spent loading and unloading tools/equipment on and off Defendants' trucks and travelling to and from Defendants' jobsites and to and from Defendants' place of business on loaded work trucks,

and was paid an average of $13.00 per hour. Plaintiff was never paid anything at all for an average of 8 overtime hours a week spent loading and unloading tools/equipment on and off Defendants' trucks and travelling to and from Defendants' jobsites and to and from Defendants' place of business on loaded work trucks as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for an average of 8 overtime hours that he worked above 40 in a week spent loading and unloading tools/equipment on and off Defendants' trucks and travelling to and from Defendants' jobsites and to and from Defendants' place of business on loaded work trucks.

19. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

                                Respectfully Submitted,

                                J.H. Zidell, Esq.
                                J.H. Zidell, P.A.

Attorney For Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
   Florida Bar Number: 0010121