UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:16-cv-25039-JLK   (King/Torres)

CARLOS HELIEL VAIL LUX, ALVARO
GAMALIEL VAIL LUX, and all others
similarly situated under 29 U.S.C. 216(b),

    Plaintiffs,

vs.

RCH LAWN MAINTENANCE LLC,
SETH HOROWYTZ,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

The Defendants, RCH LAWN MAINTENANCE LLC and SETH HOROWYTZ (hereinafter collectively referred to as "Defendants"), by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiffs' Complaint, as follows:

Defendants deny each and every allegation of the Plaintiffs' Complaint not expressly or otherwise admitted below. Defendants also specifically reserve the right to assert any additional affirmative defenses in matters of avoidance that may be disclosed during the course of additional investigation and discovery. Defendants' Answer to each of the specifically enumerated paragraphs of the Complaint is as follows:

1.    Defendants admit that Plaintiffs purport to bring a claim arising under the FLSA, but deny that there is any such claim and further deny the allegations, inferences and legal conclusions contained in Paragraph 1 of the Plaintiffs' Complaint and demand strict proof thereof.

2. Defendants deny for want of knowledge the allegations, inferences and legal conclusions contained in Paragraph 2 of the Plaintiffs' Complaint and demand strict proof thereof.

3. Defendants admit that the corporate Defendant transacts business within Miami-Dade County.  Otherwise, Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 3 of Plaintiffs' Complaint and demand strict proof thereof.

4. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 4 of the Plaintiffs' Complaint and demand strict proof thereof.

5. Defendants do not contest venue but deny the allegations, inferences and legal conclusions contained in Paragraph 5 of the Plaintiffs' Complaint and demand strict proof thereof.

6. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 6 of the Plaintiffs' Complaint and demand strict proof thereof. Further, Defendants deny that there exist any other similarly situated individuals and/or that any other similarly situated individuals desire to opt-in to this action and demand strict proof thereof.

7. Defendants do not contest subject matter jurisdiction.

8. With regard to Paragraph 8 of the Plaintiffs' Complaint, it is an averment to which no response is necessary as the statute speaks for itself.  Further, Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 8 of the Plaintiffs' Complaint and demand strict proof thereof.

9. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 9 of the Plaintiffs' Complaint and demand strict proof thereof.

10. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 10 of the Plaintiffs' Complaint and demand strict proof thereof.

11. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 11 of the Plaintiffs' Complaint and demand strict proof thereof.

12. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 12 of the Plaintiffs' Complaint and demand strict proof thereof.

13. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 13 of the Plaintiffs' Complaint and demand strict proof thereof.

14. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 14 of the Plaintiffs' Complaint and demand strict proof thereof.

15. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 15 of the Plaintiffs' Complaint and demand strict proof thereof.

16. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 16 of the Plaintiffs' Complaint and demand strict proof thereof.

17. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 17 of the Plaintiffs' Complaint and demand strict proof thereof.

18. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 18 of the Plaintiffs' Complaint and demand strict proof thereof.

19. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 19 of the Plaintiffs' Complaint and demand strict proof thereof.

Defendants deny that Plaintiffs or any other individual is entitled to any of the damages or relief sought in the WHEREFORE clause of Count I of the Plaintiffs' Complaint.

## **AFFIRMATIVE DEFENSES**

20. As and for their First Affirmative Defense, and to the extent that Plaintiffs attempt to bring this action on behalf of other similarly situated employees, Defendants state that there exist no similarly situated employees and/or no similarly situated employees who desire to opt-in to this action.

21. As and for their Second Affirmative Defense, Defendants state that none of their actions were "willful", as said term is defined by the Fair Labor Standards Act, regulations, and interpretive case law.

22. As and for their Third Affirmative Defense, Defendants state that the Plaintiffs' claims for liquidated damages are barred because Defendants at all times material hereto acted in good faith and had reasonable grounds for believing that their policies and practices were not violations of the FLSA, as amended.

23. As and for their Fourth Affirmative Defense, Defendants state that all or part of the Plaintiffs' claims is barred by the applicable statute of limitations.

24. As and for their Fifth Affirmative Defense, Defendants state that the Plaintiffs' claims are subject to the estoppel provisions of the Portal-to-Portal Act, to the extent that Plaintiffs purport to bring this action as a representative action.

25. As and for their Sixth Affirmative Defense, Defendants state that the Plaintiffs' claims are barred because Defendants at all times material hereto acted in good faith in

conformity with and in reliance on written administrative regulations, order, rulings, approvals and/or interpretations of the Administrator of the Wage and Hour Division of the Department of Labor.

26. As and for their Seventh Affirmative Defense, Defendants state that Plaintiffs have failed to state a claim upon which relief may be granted.

27. As and for their Eighth Affirmative Defense, Defendants state that the Plaintiffs' claims are barred because any hours worked by the Plaintiffs over forty in any particular workweek for which they were not properly paid was without the knowledge, either actual or constructive, of Defendants.

28. As and for their Ninth Affirmative Defense, Defendants state that the Plaintiffs' claims are barred because they have been properly paid.

29. As and for their Tenth Affirmative Defense, Defendants state that the Plaintiffs' claims are barred by the "de minimus" doctrine.

30. As and for their Eleventh Affirmative Defense, Defendants state that the Plaintiffs' claims against SETH HOROWYTZ, in his individual capacity, are barred because he is not an "employer" within the meaning of the Fair Labor Standards Act.

31. As and for their Twelfth Affirmative Defense, Defendants state that the Plaintiffs' claim for attorneys' fees and costs is barred based on the authority of *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162 (S.D. Fla. 2003).

32. As and for their Thirteenth Affirmative Defense, Defendants state that any overtime due to any of the Plaintiffs should be computed at a half-time rate, based upon each Plaintiffs' regular rate of pay for each particular workweek in question, inasmuch as the Plaintiffs were paid on a day rate basis.

Defendants reserve the right to assert additional affirmative defenses which may be learned or disclosed through the discovery process.

## DEMAND FOR COSTS AND ATTORNEY'S FEES

Defendants are entitled to an award of costs and attorney's fees incurred in defense of Plaintiffs' claims because the claims have been brought in bad faith. *See, e.g., Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541 (11th Cir. 1985), and *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428 (11th Cir. 1998).

WHEREFORE, having fully answered the Plaintiffs' Complaint, Defendants pray that this Honorable Court dismiss with prejudice Plaintiffs' claims in full, tax costs against the Plaintiffs and in favor of Defendants, and reserve jurisdiction to consider a timely filed motion for attorneys' fees on the authority of *Kreager v. Solomon & Flanagan*, P.A., 775 F.2d 1541 (11th Cir. 1985).

Dated:   January 23, 2017             Respectfully submitted,
              Boca Raton, FL

                                                      *s/ Daniel R. Levine*
                                                      DANIEL R. LEVINE, ESQ.
                                                      Florida Bar No. 0057861
                                                      E-mail:   DRL@PBL-Law.com
                                                      PADULE BENNARDO LEVINE, LLP
                                                      101 Plaza Real South, Suite 207
                                                      Boca Raton, FL  33432
                                                      Telephone:   (561) 544-8900
                                                      Facsimile:   (561) 544-8999
                                                      Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Daniel R. Levine*
DANIEL R. LEVINE, ESQ.

## SERVICE LIST

*Carlos Heliel Vail Lux, et al. v. RCH Lawn Maintenance LLC, et al.*
Case No. 1:16-cv-25039-JLK   (King/Torres)
United States District Court, Southern District of Florida

| | |
|---|---|
| K. David Kelly, Esquire<br>E-Mail:  david.kelly38@rocketmail.com<br>J.H. Zidell, P.A.<br>300 - 71st Street, Sutie 605<br>Miami Beach, FL  33141<br>Telephone:   (305) 865-6766<br>Counsel for Plaintiffs<br>*Via CM/ECF* | Daniel R. Levine, Esquire<br>E-Mail:  DRL@PBL-Law.com<br>Padula Bennardo Levine, LLP<br>101 Plaza Real South, Suite 207<br>Boca Raton, FL  33432<br>Telephone:   (561) 544-8900<br>Facsimile:   (561) 544-8999<br>Counsel for Defendants<br>*Via CM/ECF* |
| Rivkah F. Jaff, Esquire<br>E-Mail:  Rivkah.Jaff@gmail.com<br>J.H. Zidell, P.A.<br>300 - 71st Street, Sutie 605<br>Miami Beach, FL  33141<br>Telephone:   (305) 865-6766<br>Counsel for Plaintiffs<br>*Via CM/ECF* | Jamie H. Zidell, Esquire<br>E-Mail:  Zabogado@aol.com<br>J.H. Zidell, P.A.<br>300 - 71st Street, Sutie 605<br>Miami Beach, FL  33141<br>Telephone:   (305) 865-6766<br>Counsel for Plaintiffs<br>*Via CM/ECF* |