UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-25039-CIV-JLK

CARLOS HELIEL VAIL LUX and ALVARO )
GAMALIEL VAIL LUX  and all others )
similarly situated under 29 U.S.C. 216(b), )
)
           Plaintiff, )
vs. )
)
RCH  LAWN MAINTENANCE LLC, )
SETH HOROWYTZ )
)
           Defendants. )
_____ )

**JOINT PRETRIAL STIPULATION**

Pursuant to Fed.R.Civ.P.26(a)(3) and S.D. Fla. L. R. 16.1.E, Plaintiffs and Defendants, by and through their undersigned counsel, hereby submit their joint pretrial stipulation.

**1)**     **PARTIES STATEMENTS OF THE CASE:**

Joint Statement:

Plaintiffs bring their claims against all Defendants jointly and severally, under the Fair Labor Standards Act, regarding alleged unpaid overtime wages along with liquidated damages, fees and costs.  Plaintiffs seek damages for time and one half violation as they claim they were paid nothing for their overtime work.  Plaintiffs were employed by Defendants as lawn maintenance workers. Defendants deny that Plaintiffs are owed the amount of alleged unpaid wages sought or other damages.  Plaintiffs seek a trial by Jury.

**2)**     **The Basis of Federal Jurisdiction**

This Court has original jurisdiction over the federal law claim under 29 U.S.C. Section 1331 and 1343 (civil actions under the Constitution, laws and treaties of the United States). This

is an action to recover alleged money damages for unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. 216.

**3)** **Pleadings Raising the Issues**

    A.    The Complaint.

    B.    Defendants' Answer and Affirmative Defenses to Plaintiffs' Complaint.

**4)** **A List of All Undisposed Motions or Other Matters Requiring Action by the Court**

    A.    None.

**5)** **Concise Statement of Uncontested Facts Which Will Require No Proof at Trial**

None.

**5a)** **Plaintiff's "Statement" Regarding Certain Trial Issues**

    A.    Plaintiffs contend that RCH Lawn Maintenance LLC was Plaintiffs' employers under the FLSA, however the actual dates of employment will need to be addressed at trial[1]. Defendants deny that they were Plaintiffs' employers and further deny that their gross income is relevant for any purpose whatsoever.

    B.    Plaintiffs contend there is FLSA enterprise coverage for the relevant periods alleged, that the LLC had on $500,000.00 on gross annual income during the years alleged and was an enterprise engaged in commerce and therefore no evidence will need to be introduced at trial regarding Defendants' gross annual income or interstate commerce regarding same. Plaintiffs contend further that Defendant stipulated to such facts during depositions. It is Plaintiffs' position there is bad faith on the fact that Defendants were not willing to stipulate on this issue in writing in this pre-trial stipulation. Defendants deny these contentions.

---

[1] However, plaintiff may introduce defendants' gross annual income for other reasons.

    C.      Plaintiffs contend that attorneys' fees, costs and liquidated damages should not be referenced at trial, as such would only be considered by the Court post-trial. It is Plaintiff's position that is inappropriate for defendants to contest such issue. Defendants deny these contentions.

    D.      Plaintiffs contend that the immigration status of the plaintiffs should not be referenced, directly or indirectly, in front of the jury. It is Plaintiffs' position that is inappropriate for defendants to contest such issue. Defendants deny these contentions.

    E.      Plaintiffs state that there should be no reference as to how each Plaintiff learned of attorney J.H Zidell, Esq., or why they contracted J.H. Zidell, PA to represent them. It is Plaintiffs' position that is inappropriate for defendant to contest such issue. Defendants deny these contentions.

    F.      Plaintiffs states that "whether defendants establish that they acted in good faith" should be an issue of law remaining for determination by the court. It is Plaintiffs' position that is inappropriate for defendants to contest expressly listing this. Defendants deny these contentions.

    G.      Plaintiffs state that "any issue that may get raised at the directed verdict state" should be an issue of law remaining for determination by the court. It is Plaintiff's position that is inappropriate for defendant to contest expressly listing this. Defendants deny these contentions and further state that it is stating the obvious.

6) **Issues of Fact Which Require Proof at Trial**

    A.      The number of hours Plaintiffs actually worked each week.

B. Whether Plaintiffs may prove their alleged hours by a reasonable inference and approximation.

C. The amount that Plaintiffs were paid per hour.

D. Whether the Plaintiffs are owed overtime wages, and if so, at what rate (time and one-half or half-time)?

E. Whether the Defendants maintained accurate and complete time records for all Plaintiffs' hours worked as required by law.

F. Whether Defendants acted in good faith conformity in believing their actions did not violate the provisions of the FLSA.

G. Whether Defendants violations, if any, were willful.

H. Whether, and to what extent, the loading and preparation preparation time is compensable and whether plaintiffs were engaged to be waiting or waiting to be engaged and how much is owed for these hours.

I. Whether Defendant, Seth Horowytz, is an individual FLSA employer for either Plaintiff.

J. Whether the named corporate Defendant employed either of the Plaintiffs for the relevant time period.

K. Whether any part of either of the Plaintiffs' claims are barred by the applicable statute of limitations.

L. Whether Defendants had knowledge, either actual or constructive, of any hours over forty worked by either of the Plaintiffs for which they claim they were not properly paid and whether defendants permitted plaintiffs to work the same.

M. How much was paid to plaintiff for their work by defendant.

7) **Concise Statement of Issues of Law on Which There is Agreement.**

None, other than the Defendants agree that there is FLSA enterprise coverage with respect to RCH lawn for the relevant period. However, Defendants believe that such information is not relevant because RCH Lawn was not an employer of the plaintiffs for the relevant time period. Therefore, If Plaintiff's establish that RCH lawn is the employer, then there will be FSLA coverage for the relevant period.

8) **Issues of Law Remaining for Determination by the Court.**

   A.   Imposition of Liquidated Damages should Plaintiffs prevail at trial to be filed post-trial based on evidence presented on trial.

   B.   Attorneys fees and costs should Plaintiffs prevail at trial. Plaintiff states that under relevant law, defendant cannot seek fees for merely being a prevailing party.

   C.   Attorneys fees and costs should Defendants prevail at trial.

9) **Trial Exhibits**

   A.   Plaintiffs' Trial Exhibit List is attached.

   B.   Defendants' Trial Exhibit List is attached.

10) **Witness List**

   A.   Plaintiffs' Fact Witness List is attached.

   B.   Defendants' Fact Witness List is attached.

11) **Estimated Trial Time**

   The parties estimate that this will be a 3-4 day jury trial.

12). **Estimate of Attorney's Fees**

   Plaintiffs estimate approximately $75,000 to $80,000 through trial and post trial motions.

Defendants estimate approximately $25,000.00 in attorneys' fees and costs.

DATED: 12/14/2017

**Respectfully Submitted,**

| | |
|---|---|
| J.H. ZIDELL, P.A.<br>ATTORNEYS FOR PLAINTIFF<br>300 71ST STREET, #605<br>MIAMI BEACH, FLA. 33141<br>PH: 305-865-6766<br>FAX: 305-865-7167<br>F.B.N. 0123870<br>E-MAIL:martinez.zidelllaw@gmail.com<br><br>BY:/S/ ALEJANDRO G. MARTINEZ-MALDONADO ESQ.<br>ALEJANDRO G. MARTINEZ-MALDONADO, ESQ. | PADULA BENNARDO LEVINE LLP<br>ATTORNEYS FOR DEFENDANTS<br>3837 NW Boca Raton Blvd., Suite 200<br>Boca Raton, FL 33431<br>Tel: 561.544.8900<br>Fax: 561.544.8999<br><br>By: /s/ Daniel R. Levine, Esq.<br>Daniel R. Levine, Esq.<br>Fla. Bar No.: 0057861<br>DRL@PBL-Law.com |