IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-25039-CV-KING

CARLOS HELIEL VAIL LUX,
ALVARO GAMALIEL VAIL LUX,
And all others similarly situated under
29 U.S.C. 216(b),

    Plaintiffs,

v.

RCH LAWN MAINTENANCE LLC,
SETH HOROWYTZ,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR ORDER IN LIMINE

THIS CAUSE comes before the Court upon the Plaintiffs' Motion for Order in Limine (DE #34) filed on March 7, 2018.[1]

In their Motion, the Plaintiffs seek an Order from the Court prohibiting Defendants from admitting any evidence at trial related to 1) How the Plaintiffs retained their legal counsel; 2) The Plaintiffs' immigration status; and 3) from making any reference to attorney fees, costs or liquidated damages.

With respect to the first issue, Plaintiffs argue that addressing the Plaintiffs' legal representation would be prejudicial as it would give the impression that this is an attorney-driven proceeding. Defendants counter that they "have no idea whether they would present evidence as to how the Plaintiffs retained their counsel at this juncture. However, a pretrial order in limine seems quite unnecessary as to this aspect of the case."

---

[1] The Defendants filed their Response (D.E. #46) on March 23, 2018 to which the Plaintiffs Replied (D.E. #47) on March 26, 2018. Accordingly, this motion is ripe for ruling.

1

Def.'s Resp. at 3. Other than opining that a pretrial order in limine "seems quite unnecessary as to this aspect of the case" the Defendants provide no legal argument or authority in support of its position. The Court finds that the probative value, if any, of making references to the Plaintiffs' attorney-client relationship is substantially outweighed by the prospect of prejudice to the Plaintiffs. Therefore, Plaintiffs' Motion in Limine to bar references to the Plaintiffs' attorney-client relationship or legal representation is granted.

The second issue raised by the Plaintiffs concerns making references to the Plaintiffs' immigration status. The Plaintiffs move to preclude all references at trial to the immigration status of any of the Plaintiffs. The Defendants concede that courts in this Circuit "have found that immigration status is sometimes irrelevant to a claim for overtime wages under the FLSA," but nonetheless argue that the Plaintiffs' immigration status is "relevant to the Plaintiffs' credibility and should be heard by the trier of fact." Def.'s Resp. at 3. The Defendants also fail to provide any legal authority in support of this position. The Court finds that the Plaintiffs' immigration status is not relevant to claims under the FLSA and prohibit the same. *See Patel v. Quality Inn South*, 846 F.2d 700, 706 (11th Cir. 1988). Therefore, Plaintiffs' Motion in Limine to bar references to the Plaintiffs' immigration status is granted.

The third issue raised by the Plaintiffs concerns references to attorneys' fees, costs and/or liquidated damages. The Plaintiffs argue that references to attorneys' fees should be prohibited because making such references would lead to the impression that this case was filed merely to generate attorneys' fees, which would be prejudicial to the Plaintiffs. The Defendants' counter that "the jury should be informed of all of the

potential motives of the Plaintiffs in pursuing this claim, so that it can reach an informed verdict and understated the consequences of same." Def.'s Resp. at 5. In support of this position, the Defendant cites to a Third Circuit decision that does not control and in any event, is unpersuasive. Even if the ability to recover attorney fees bears relevance to the action, such relevance is substantially outweighed by the possibility of unfair prejudice or confusion to the jurors. Therefore, Plaintiffs' Motion in Limine to bar references to attorneys' fees, costs, and liquidated damages is granted.

Accordingly, after careful consideration and the Court being otherwise fully advised, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

1. The Plaintiff's Motion for Order in Limine **(D.E. #34)** is **GRANTED.**

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, this 9th day of April, 2018.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Cc:

**Counsel for Plaintiffs**

**Alejandro Guillermo Martinez-Maldonado**
J.H Zidell PA
300 71st. Suite 605
Miami Beach, Fl 33141
305-865-6766
Fax: 305-865-7167
Email: amartinez29law@gmail.com

3

**Bruno Andre Garofalo**
J. H. ZIDELL, P.A.
300 71ST STREET, SUITE 605
MIAMI BEACH, FL 33141
3058656766
Email: bruno.garofalo.esq@gmail.com

**Joshua Howard Sheskin**
Lubell Rosen
200 South Andrews Ave.
Suite 900
Ft. Lauderdale, FL 33301
954-880-9500
Fax: 954-755-2993
Email: jhs@lubellrosen.com

**K. David Kelly**
J.H. Zidell, PA
300 71st Street, Ste. 605
Miami Beach, FL 33141
305-865-6766
Email: david.kelly38@rocketmail.com

**Natalie Ann Staroschak**
J.H. Zidell, P.A.
City National Bank
300 71st St. #605
Miami Beach, FL 33141
305-865-6766
Email: nstar.zidellpa@gmail.com

**Rivkah Fay Jaff**
J.H. Zidell, P.A.
300-71st Street, Ste 605
Miami Beach, FL 33141
(305) 865-6766
Email: Rivkah.Jaff@gmail.com

**Jamie H. Zidell**
300 71st Street
Suite 605
Miami Beach, FL 33141
305-865-6766
Fax: 865-7167

**Counsel for Defendants**

**Daniel R. Levine**
Padula Bennardo Levine, LLP
3837 NW Boca Raton Blvd.
Suite 200
Boca Raton, FL 33431
561-544-8900
Fax: 561-544-8999
Email: DRL@PBL-Law.com

Believe