UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-25039-CIV-JLK

CARLOS HELIEL VAIL LUX and ALVARO )
GAMALIEL VAIL LUX  and all others )
similarly situated under 29 U.S.C. 216(b), )
)
)
         Plaintiff, )
vs. )
)
)
RCH  LAWN MAINTENANCE LLC, )
SETH HOROWYTZ )
)
)
         Defendants. )
_____ )

**JOINT PRETRIAL STIPULATION**

     Pursuant to Fed.R.Civ.P.26(a)(3) and S.D. Fla. L. R. 16.1.E, Plaintiffs and Defendants, by and through their undersigned counsel, hereby submit their joint pretrial stipulation.

**1)    PARTIES STATEMENTS OF THE CASE:**

Joint Statement:

     Plaintiffs bring their claims against all Defendants jointly and severally, under the Fair Labor Standards Act, claiming alleged unpaid overtime wages, and also claiming liquidated damages, fees and costs.  Plaintiffs seek damages for time and one-half violations as they claim they were paid nothing for their overtime work.   Plaintiffs were employed by Defendants as lawn maintenance workers. Defendants deny that Plaintiffs worked any overtime hours for which they were not properly paid, deny further that they knew or should have known of any alleged overtime hours, and deny that Plaintiffs are owed any amount of alleged unpaid wages sought or other damages.  Defendants seek an award of costs.  Plaintiffs seek a trial by Jury.

**2)** **The Basis of Federal Jurisdiction**

This Court has original jurisdiction over the federal law claim under 29 U.S.C. Section 1331 and 1343 (civil actions under the Constitution, laws and treaties of the United States). This is an action to recover alleged money damages for unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. 216.

**3)** **Pleadings Raising the Issues**

    A.    The Complaint.

    B.    Defendants' Answer and Affirmative Defenses to Plaintiffs' Complaint.

**4)** **A List of All Undisposed Motions or Other Matters Requiring Action by the Court**

    A.    None.

**5)** **Concise Statement of Uncontested Facts Which Will Require No Proof at Trial**

    A.    There is coverage under the FLSA for all Plaintiffs' claim brought in the complaint.

    B.    Defendant, Horowytz, is subject to personal liability under the FLSA.

    C.    Defendant, RCH, employed the Plaintiffs during the relevant periods of time.

    D.    There is FLSA enterprise coverage for the relevant period alleged, that the LLC had over $500,000.00 on gross annual income during the years alleged and was an enterprise engaged in commerce and therefore FLSA jurisdiction is established for this case.

**6)** **Issues of Fact Which Require Proof at Trial**

    A.    The number of hours Plaintiffs actually worked each week. Based on Plaintiffs' approximation.

    B.    Whether Plaintiffs may prove their alleged hours by a reasonable inference and approximation.

    C.    The amount that Plaintiffs were paid per hour.

    D.      Whether the Plaintiffs are owed overtime wages, and if so, at what rate (time and one-half or half-time)?

    E.      Whether the Defendants maintained accurate and complete time records for all Plaintiffs' hours worked as required by law.

    F.      Whether Defendants acted in good faith conformity in believing their actions did not violate the provisions of the FLSA.

    G.      Whether Defendants violations, if any, were willful.

    H.      Whether, and to what extent, the loading and preparation time is compensable and whether plaintiffs were engaged to be waiting or waiting to be engaged and how much is owed for these hours.

    I.      Whether any part of either of the Plaintiffs' claims are barred by the applicable statute of limitations.

    J.      Whether Defendants had knowledge, either actual or constructive, of any hours over forty worked by either of the Plaintiffs for which they claim they were not properly paid and whether defendants permitted plaintiffs to work the same.

    K.      How much was paid to plaintiff for their work by defendant.

    L. Whether Defendants permitted plaintiffs to work overtime.

**7)   Concise Statement of Issues of Law on which there is Agreement.**

**FLSA jurisdiction is established for Plaintiffs' claims brought in this case**

The Court entered an order granting Plaintiff's motion in limine and prohibited defendants from discussing or admitting evidence on the following subjects: 1) how the plaintiff retained their legal counsel; 2) the plaintiff's immigration status; and 3) any reference to attorney fees, cost or liquidated damages. See [D.E. 48].

**8)** **Issues of Law Remaining for Determination by the Court.**

    A.    Imposition of Liquidated Damages should Plaintiffs prevail at trial to be filed post-trial based on evidence presented on trial.

    B.    Any issue that may get raised at the directed verdict stage.

    C.    Attorneys fees and costs should Plaintiffs prevail at trial. Plaintiff states that under relevant law, defendant cannot seek fees for merely being a prevailing party.

    D.    Attorneys fees and costs should Defendants prevail at trial. Plaintiffs claim there is no basis for Defendant to claim fees in this case

**9)** **Trial Exhibits**

    A.    Plaintiffs' Trial Exhibit List is attached.

    B.    Defendants' Trial Exhibit List is attached.

**10)** **Witness List**

    A.    Plaintiffs' Fact Witness List is attached.

    B.    Defendants' Fact Witness List is attached.

**11)** **Estimated Trial Time**

The parties estimate that this will be a 1-2 day jury trial.

**12).** **Estimate of Attorney's Fees**

Plaintiffs estimate approximately $75,000 to $80,000 through trial and post trial motions.

Defendants estimate approximately $45,000.00 in attorneys' fees and costs.

DATED: 7/2/2018

**Respectfully Submitted,**

| | |
|---|---|
| J.H. ZIDELL, P.A. | PADULA BENNARDO LEVINE LLP |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANTS |
| 300 71ST STREET, #605 | 3837 NW Boca Raton Blvd., Suite 200 |
| MIAMI BEACH, FLA. 33141 | Boca Raton, FL 33431 |
| PH: 305-865-6766 | Tel: 561.544.8900 |
| FAX: 305-865-7167 | Fax: 561.544.8999 |
| F.B.N. 0123870 | |
| E-MAIL:martinez.zidelllaw@gmail.com | By: /s/ Daniel R. Levine, Esq. |
| | Daniel R. Levine, Esq. |
| BY:/S/ ALEJANDRO G. MARTINEZ-MALDONADO ESQ. | Fla. Bar No.: 0057861 |
| ALEJANDRO G. MARTINEZ-MALDONADO, ESQ. | DRL@PBL-Law.com |