UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-25039-CIV-JLK

CARLOS HELIEL VAIL LUX,
ALVARO GAMALIEL VAIL LUX,

      Plaintiffs,

vs.

RCH LAWN MAINTENANCE LLC, and SETH
HOROWYTZ,

      Defendants.

_____/

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

## TO BE GIVEN AT THE BEGINNING OF THE CASE

### General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial

and your duty as jurors. These are preliminary instructions. I'll give you more detailed

instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply - and you must follow the law even if you disagree with it.

<u>What is evidence:</u>

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" - simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence:</u>

During the trial, you'll hear certain things that are not evidence and you  must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did - unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence - this is also called "striking" evidence - and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses:</u>

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

• the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

• the witness's memory;

• the witness's manner while testifying;

• any interest the witness has in the outcome of the case;

• any bias or prejudice the witness may have;

• any other evidence that contradicts the witness's testimony;

• the reasonableness of the witness's testimony in light of all the evidence; and

• any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case:</u>

The Plaintiffs worked for Defendants as lawn maintenance workers and allege that the Defendants failed to pay them overtime wages otherwise required under Federal Law. The Defendants deny Plaintiffs worked hours of which they were aware, and for which they were not properly paid, and therefore deny that they owe Plaintiffs any alleged overtime wages.

<u>Burden of proof:</u>

Plaintiffs have the burden of proving their case by what the law calls a "preponderance of the evidence." That means Plaintiffs must prove that, in light of all the evidence, what they claim is more likely true than not. So, if you could put the evidence favoring Plaintiffs and the evidence favoring Defendants on opposite sides of balancing scales, Plaintiffs need to make the scales tip to them. If Plaintiffs fail to meet this burden, you must find in favor of Defendants.

To decide whether any fact has been proved by a preponderance of the evidence, you may - unless I instruct you otherwise - consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you  decide

a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

[On certain issues, called "affirmative defenses," Defendants have the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Defendants must prove for any affirmative defense. After considering all the evidence, if you decide that Defendants have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.]

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything - all the evidence, the lawyers' closing arguments, and my instructions on the law - before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone

about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair - no one else is so qualified.

<u>Taking notes:</u>

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully

listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiffs will present their witnesses and ask them questions. After Plaintiffs question the witness, Defendants may ask the witness questions - this is called "cross-examining" the witness. Then Defendants will present their witnesses, and Plaintiffs may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law. You'll then go to the jury room to deliberate.


**Eleventh Circuit Pattern Jury Instructions (as modified)**

Use of Depositions:

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

Use of Interrogatories:

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

**Eleventh Circuit Pattern Jury Instructions**

## <u>TO BE GIVEN AT THE END OF THE CASE</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called

deliberations.

AUTHORITY:        Pattern Jury Instructions, Civil Cases, U.S. Eleventh Circuit; Instruction
                  No. 1.1 and 3.1 (2013).

                                  GIVEN:
                                  GIVEN AS MODIFIED:
                                  WITHDRAWN: REFUSED:

## <u>PROPOSED INSTRUCTION NO. 2</u>
### Official English Translation/Interpretation

You may hear or see languages other than English during this trial. You must consider evidence provided through only the official court [interpreters/translators]. It is important that all jurors consider the same evidence. So even if some of you know Spanish, you must accept the English [interpretation/translation] provided and disregard any different meaning.

AUTHORITY:          Pattern Jury Instructions, Civil Cases, U.S. Eleventh Circuit; Instruction
                    No. 1.1 (2013).

                                        GIVEN:
                                        GIVEN AS MODIFIED:
                                        WITHDRAWN: REFUSED:

**PROPOSED INSTRUCTION NO. 3**

**THE DUTY TO FOLLOW INSTRUCTIONS**
**CORPORATE PARTY INVOLVED**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees which are made within the scope of their duties as employees of the company.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013 (modified).


GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN: REFUSED:

<u>PROPOSED INSTRUCTION NO. 4</u>
**<u>Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments</u>**
**<u>by the Court</u>**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.3.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN: REFUSED:

**PROPOSED INSTRUCTION NO. 5**
**CREDIBILITY OF WITNESSES**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence? 11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.3.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN: REFUSED:

<u>**PROPOSED JURY INSTRUCTION NO. 6**</u>
<u>**IMPEACHMENT OF WITNESSES**</u>
<u>**(Inconsistent Statement)**</u>

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.5.1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN: REFUSED:

<u>PROPOSED JURY INSTRUCTION NO. 7</u>
<u>Responsibility for Proof - Plaintiff's Claim[s], Cross Claims, Counterclaims -</u>
<u>Preponderance of the Evidence</u>

In this case it is the responsibility of the Plaintiffs to prove every essential part of their claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiffs' claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiffs.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiffs's claims by a preponderance of the evidence, you should find for the Defendants as to those claims.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.7.1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN: REFUSED:

## PROPOSED JURY INSTRUCTION NO. 8
## FAIR LABOR STANDARDS ACT
## (29 USC Section 216)

In this case, Plaintiffs claims that the Defendants did not pay them the overtime wage pay required by the federal Fair Labor Standards Act, also known as the FLSA. Plaintiffs claim that they were paid nothing at all for their overtime hours, and therefore they seek time and one-half damages. To succeed on their claims against the Defendants, the Plaintiffs must prove each of the following facts by a preponderance of the evidence:

First: the Plaintiffs were employees of Defendants and were either engaged in commerce or in the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Second: Defendants failed to pay Plaintiffs the overtime wages required by law. In the verdict form that I will explain in a moment, you will be asked to answer questions about the relevant factual issues.

The Parties agree that the Plaintiffs were either engaged in commerce or in the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce. The Defendants have stipulated that RCH Lawn Maintanace LLC and Seth Horowytz are the correct employers on this case regarding all of the plaintiffs under the FLSA for the years alleged.

 [In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.]

The FLSA generally requires an employer to pay an employee one-and-one- half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.

The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee. Unless a specific hourly rate was agreed upon, the "regular rate" for a week is determined by dividing the total wages paid for the week by the total number of hours the weekly salary was intended to compensate. To calculate how much overtime pay was owed to the Plaintiffs for a certain week, subtract 40 from the total number of hours he worked and multiply the difference by the overtime rate. Defendants failed to pay the Plaintiffs the required overtime

pay if the Defendants paid Plaintiffs less than that amount. Any damages are the difference between the amount the Plaintiffs prove they should have been paid, and the amount they were actually paid.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 4.14. (MODIFIED).


GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN: REFUSED:

## PROPOSED JURY INSTRUCTION NO. 9
## RECORD KEEPING OBLIGATION OF EMPLOYER UNDER THE FLSA

The law requires an em- ployer to keep records of how many hours [his/her/its] employees work and the amount they are paid. In this case, [name of plaintiff] claims that [name of defendant] failed to keep and maintain adequate records of [his/ her] hours and pay. [Name of plaintiff] also claims that [name of defendant]'s failure to keep and maintain  ade-quate records has made it diffi cult for [name of plaintiff] to prove the exact amount of [his/her] claim.

If you find that [name of defendant] failed to keep adequate time and pay records for [name of plaintiff] and that [name of plaintiff] performed work for which [he/she] should have been paid, [name of plaintiff] may recover a reasonable estimation of the amount of [his/ her] damages. But to recover this amount, [name of plaintiff] must prove by a preponderance of the evi- dence a reasonable estimation of the amount and extent of the work for which [he/she] seeks pay.]

GIVEN:
GIVEN AS
MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 10
## FURTHER RECORD KEEPING OBLIGATIONS OF EMPLOYER UNDER THE FLSA

Every employer shall maintain and preserve payroll or other records with respect to each employee containing the time of day and day of week on which the employee's workweek begins including the starting time and length of each employee's work period. Such records shall include the regular hourly rate of pay for any workweek in which overtime compensation is due and shall explain the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis.

The records must show the hours worked each workday and the total hours worked each workweek, and must set forth the total daily or weekly earnings or wages due for hours worked during the workday or workweek.29 C.F.R. 516.2(Modified).


*GIVEN:*
*GIVEN AS MODIFIED:*
*WITHDRAWN:*
*REFUSED:*

## *PROPOSED JURY INSTRUCTION NO. 11*

*Calculation of Hourly Pay*

"If the employee is employed solely on a weekly salary basis, his regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate. If an employee is hired at a salary of $182.70 and if it is understood that this salary is compensation for a regular workweek of 35 hours, the employee's regular rate of pay is $182.70 divided by 35 hours, or $5.22 an hour, and when he works overtime he is entitled to receive $5.22 for each of the first 40 hours and $7.83 (one and one-half times $5.22) for each hour thereafter. If an employee is hired at a salary of $220.80 for a 40–hour week his regular rate is $5.52 an hour."

*Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1268-69 (11th Cir. 2008).*

> *GIVEN:*
> *GIVEN AS MODIFIED:*
> *WITHDRAWN: REFUSED:*

### *PROPOSED JURY INSTRUCTION 12*
### *TRAVEL TIME*

An employee who travels from home before his regular work day and returns to his home at the end of the work day is engaged in ordinary home to work travel which is a normal part of employment. Normal travel from home to work is not work time and is not compensable work time.

Time spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked. Where an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice. If an employee normally finishes his work on the premises at 5 p.m. and is sent to another job which he finishes at 8 p.m. and is required to return to his employer's premises arriving at 9 p.m., all of the time is working time. However, if the employee goes home instead of returning to his employer's premises, the travel after 8 p.m. is home-to-work travel and is not hours worked.

29 C.F.R. 785.38; Walling v. Mid-Continent Pipe Line Co., 143 F. 2d 308 (C. A. 10, 1944).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

### *INSTRUCTION NO. 13*
### *COMPENSABLE TIME PRELIMINARY AND POSTLIMINARY*

You must determine whether Plaintiffs' preliminary and postliminary activities (such as travelling, loading and time spent at Defendants' place of business) are compensable. Such activities are compensable if they are an integral and indispensable part of the Defendants' principal business activities. To determine if such activities were integral and indispensable, you must make a determination of the following: (1) whether the activity is required by the employer, (2) whether the activity is necessary for the employee to perform his or her duties, and (3) whether the activity primarily benefits the employer. If your answer is yes to those (3) points, you must find that Defendants were required to pay Plaintiffs for such activities.

Bonilla v. Baker Concrete Constr., Inc., 487 F.3d 1340, 1344 (11th Cir.2007). See also, Dunlop v. City Elec., Inc., 527 F.2d 394, 401 (5th Cir.1976). Burton v. Hillsborough Cnty., Fla., 181 F. App'x 829, 833 (11th Cir.2006).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 14
## RIGHTS TO OVERTIME NON-WAIVABLE

An individual employee's rights for overtime compensation under the Fair Labor

Standards Act cannot be abridged by contract or otherwise waived by the employee.

Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728 (U.S. 1981) Baker et.al. v.

Barnard Construction Co. et.al., 146 F.3d 1214 (10th Cir. 1998)

*GIVEN:*
*GIVEN AS MODIFIED:*
*WITHDRAWN: REFUSED:*

## PROPOSED JURY INSTRUCTION NO. 15

## EMPLOYEE STANDBY OR WAITING TIME

"Stand-by" time or "waiting" time is compensable under the FLSA if it is in furtherance of the employer's business objectives. "Whether time is spent predominantly for the employer's benefit or for the employee's is a question dependent upon all the circumstances of the case."

Armour & Co. v. Wantock, 323 U.S. 126 (1944) and Skidmore v. Swift & Co., 323 U.S. 134 (1944)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION 16
### (Rest Time and Meal Time)

Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time.

Under the Fair Labor Standards Act, bona fide meal periods are not compensable work time. A bona fide meal period ordinarily lasts 30 minutes or more. In contrast, short periods away from work, commonly known as break periods, are compensable work time.

To qualify as bona fide meal periods, the employee must be relieved from duty. An employee is relieved from duty when the employee's time is not spent predominantly for the benefit of the employer. In other words, if during meal periods the employee's time and attention are primarily occupied by a private or personal pursuit, such as relaxing or eating, then the employee is relieved from duty. On the other hand, if during meal periods the employee's time or attention is taken up principally by work responsibilities that prevent the employee from comfortably and adequately passing the meal time, then the employee has not been relieved from duty.

An employee is not denied a bona fide meal period by being restricted to the employer's premises, if the employee is otherwise relieved of duties during the meal period. An employee is not denied a bona fide meal period by being on-call with some limited duties, if the employee otherwise spends his time and attention predominantly in pursuit of personal or private interests.

29 C.F.R. § 785.18; Bates v. Dept. of Corrections of the State of Kansas, 81 F.3d 1008, 1010-11 (10th Cir. 1996); 29 C.F.R. §785.19. McNamara, Southerland, Federal Employment Jury Instructions (2011).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

_____

## PROPOSED JURY INSTRUCTION NO. 17

### "WORK" DEFINED

"Work" is defined by the Fair Labor Standards Act as physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his/her business.

Tennessee Coal, Iron & R.Co. v. Muscoda Local No. 123, 321 U.S. 590 (1944).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 18

### EMPLOYEE PERMITTED TO WORK

Permitting an employee to engage in an activity is considered "work" under the FLSA. 29 U.S.C. 203 (e)(1)

GIVEN:
GIVEN AS MODIFIED: WITHDRAWN: REFUSED

## PROPOSED JURY INSTRUCTION NO. 19

## "COMPENSABLE TIME" INCLUSIVE

"Compensable time" includes far more than the time that the employee spends engaged

in active labor.

Armour & Co. v. Wantock, 323 U.S. 126 (1944) and Skidmore v. Swift & Co., 323 U.S. 134
(1944)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 20

## RECORD KEEPING REQUIREMENTS OF THE EMPLOYER

*(a)* Items required. Every employer shall maintain and preserve payroll or other records containing the following information and data with respect to each employee to whom section 6 or both sections 6 and 7(a) of the Act apply:

*(1)* Name in full, as used for Social Security recordkeeping purposes, and on the same record, the employee's identifying symbol or number if such is used in place of name on any time, work, or payroll records,

*(2)* Home address, including zip code,

*(3)* Date of birth, if under 19,

*(4)* Sex and occupation in which employed (sex may be indicated by use of the prefixes Mr., Mrs., Miss., or Ms.)

*(5)* Time of day and day of week on which the employee's workweek begins (or for employees employed under section 7(k) of the Act, the starting time and length of each employee's work period). If the employee is part of a workforce or employed in or by an establishment all of whose workers have a workweek beginning at the same time on the same day, a single notation of the time of the day and beginning day of the workweek for the whole workforce or establishment will suffice,

(6)(i) Regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the Act, (ii) explain basis of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis, and (iii) the amount and nature of each payment which, pursuant to section 7(e) of the Act, is excluded from the "regular rate" (these records may be in the form of vouchers or other payment data),

*(7)* Hours worked each workday and total hours worked each workweek (for purposes of this section, a "workday" is any fixed period of 24 consecutive hours and a "workweek" is any fixed and regularly recurring period of 7 consecutive workdays),

*(8)* Total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation,

*(9)* Total premium pay for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under paragraph (a)(8) of this section,

*(10)* Total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments. Also, in individual employee records, the dates, amounts, and nature of the items which make up the total additions and deductions,

*(11)* Total wages paid each pay period,

*(12)* Date of payment and the pay period covered by payment.

*(b)* Records of retroactive payment of wages. Every employer who makes retroactive payment of wages or compensation under the supervision of the Administrator of the Wage and Hour Division pursuant to section 16(c) and/or section 17 of the Act, shall:

*(1)* Record and preserve, as an entry on the pay records, the amount of such payment to each employee, the period covered by such payment, and the date of payment.

*(2)* Prepare a report of each such payment on a receipt form provided by or authorized by the Wage and Hour Division, and (i) preserve a copy as part of the records, (ii) deliver a copy to the employee, and (iii) file the original, as evidence of payment by the employer and receipt by the employee, with the Administrator or an authorized representative within 10 days after payment is made.

29 CFR 516.2 (A) AND (B) MODIFIED AS TO (A)(4)

*GIVEN:*
*GIVEN AS MODIFIED:*
*WITHDRAWN: REFUSED:*

**<u>INSTRUCTION NO. 21</u>**

**DUTY TO DELIBERATE**
**WHEN PLAINTIFF CLAIMS DAMAGES**

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous--in other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.8.1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN: REFUSED:

<u>**INSTRUCTION NO. 22**</u>

**ELECTION OF FOREPERSON**
**EXPLANATION OF VERDICT FORM(S)**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

11th Circuit Pattern Jury Instruction (Civil Cases) 2005, 8.

GIVEN:

GIVEN AS MODIFIED:

WITHDRAWN:

REFUSED