UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-25039-CIV-JLK

CARLOS HELIEL VAIL LUX, ALVARO  )
GAMALIEL VAIL LUX, and all others  )
similarly situated under 29 U.S.C. 216(b),  )
                                                  Plaintiffs,  )
  vs.  )
                                                    )
RCH LAWN MAINTENANCE LLC,  )
SETH HOROWYTZ,  )
                                                  Defendants.  )
_____ )

**PLAINTIFFS' MOTION FOR IMPOSITION OF LIQUIDATED DAMAGES**

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs, CARLOS HELIEL VAIL LUX, and ALVARO GAMALIEL VAIL LUX ("Plaintiffs"), request the imposition of liquidated damages against Defendants, RCH LAWN MAINTENANCE LLC, and SETH HOROWYTZ ("Defendants"), jointly and severally, as to the Verdict in this matter following the jury trial and as grounds thereof state as follows:

    1. Following a jury trial, the jury awarded Plaintiff, CARLOS HELIEL VAIL LUX, against Defendants, jointly and severally, the following sum in unpaid overtime wages, as set forth in the Verdict Form [DE74: **$4,860.00** (45 weeks x 6 overtime hours per week x $18/hr.[1]).

    2. Following a jury trial, the jury awarded Plaintiff, ALVARO GAMALIEL VAIL LUX, against Defendants, jointly and severally, the following sum in unpaid overtime wages, as set forth in the Verdict Form [DE74: **$3,510.00** (45 weeks x 4 overtime hours per week x $19.50/hr.[2]).

---

[1] The Parties stipulated that Plaintiff Carlos Heliel Lux's overtime rate is $18.00/hr.

3. Thus, Plaintiffs are the prevailing parties under 29 USC § 216(b) of the Fair Labor Standards Act (the "FLSA") as to such claims.

4. In order to avoid the imposition of liquidated damages an employer must demonstrate to the satisfaction of the Court that it acted with both subjective and objective good faith. *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272-1274 (11th Cir. 2008).

5. At trial, Defendants failed to produce any evidence that they acted with both subjective and objective good faith.

6. Furthermore, as set forth *supra*, the record evidence also demonstrates that Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act ("FLSA") and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA.

7. As a result, the Court must award Plaintiffs liquidated damages based on binding case law discussed and cited herein. *See also, Davila v. Menendez*, 717 F.3d 1179, 1186 (11th Cir. 2013); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.,* 515 F.3d 1150, 1165 (11th Cir. 2008).

8. Consequently, in entering a Final Judgment in this cause, Plaintiffs respectfully request the Court impose liquidated damages against the Defendants, jointly and severally, and therefore said Verdict should be doubled to include the following total:

    (a) CARLOS HELIEL VAIL LUX **$9,720.00** (45 weeks x 6 overtime hours per week x $18/hr.[3] x 2)

---

[2] The Parties stipulated that Plaintiff Alvaro Gamaliel Vail Lux's overtime rate is $19.50/hr.

[3] The Parties stipulated that Plaintiff Carlos Heliel Lux's overtime rate is $18.00/hr.

      (b) ALVARO GAMALIEL VAIL LUX **$7,020.00** (45 weeks x 4 overtime hours per week x $19.50/hr.[4] x 2)

## MEMORANDUM OF LAW

Liquidated damages under 29 U.S.C. §216 (b) are mandatory. Under certain circumstances the court may exercise its discretion in determining whether and in what amount to award liquidated damages, however, the instant case does not provide for discretion to deny liquidated damages. Pursuant to 29 U.S.C. §260, an employer must show to the satisfaction of the Court that the failure to pay Plaintiffs overtime wages was done in both good faith and that the employer had a reasonable basis for believing that his failure to pay overtime wages was not in violation of the FLSA. The FLSA makes doubling of a wage award mandatory under the Statute absent a showing of good faith. See, *Joiner v. Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987).

"An employer who violates the FLSA's overtime provision carries the burden of proving its entitlement to the safe harbor. *Joiner v. Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987). To satisfy the good faith requirement, an employer must show that it acted with both objective and subjective good faith. *Dybach*, 942 F.2d at 1566-67." *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008). The Court in *Joiner* adopted the rule held by the Fifth Circuit in *Reeves v. International Tel. & Tel. Corp.*, 616 F.2d 1342 (5th Cir. 1980), that an employer who seeks to avoid liquidated damages bears the burden of proving that its violation was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict. *Joiner* at 1539. Furthermore, in *Leach. v. Johnston,* 812 F.Supp 1198 (M.D. Fla. 1992) the Court held that good faith entails a duty to

---

[4] The Parties stipulated that Plaintiff Alvaro Gamaliel Vail Lux's overtime rate is $19.50/hr.

affirmatively investigate whether non-payment of overtime is in conformity with federal wage laws. *See also*, *Rodriguez v. Farm Stores Grocery, Inc*., 518 F.3d 1259, 1272-1274 (11th Cir. 2008), (where the Court differentiated between good faith and willfulness). Despite the employer's argument in *Farms Stores* that the District Court was precluded from finding a lack of good faith by the employer because the jury found no willfulness, the Eleventh Circuit nevertheless found that upon remand the District Court could award liquidated damages. *Id.* at FN7. Further, a jury's finding in deciding the limitations period question that the employer acted willfully precludes the court from finding that the employer acted in good faith when it decides the liquidated damages question. *See, Davila v. Menendez*, 717 F.3d 1179, 1186 (11th Cir. 2013); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.,* 515 F.3d 1150, 1165 (11th Cir. 2008).

### A. Subjective Good Faith

The employer has the burden to prove subjective good faith. "Subjective good faith is satisfied when the employer shows it possessed an honest intention to ascertain what [the FLSA] requires and to act in accordance with it. *Dybach*, 942 F.2d at 1566 (citation omitted)." *Arias v. Airplane Towing Inc.,* 2011 WL 1233229 (S.D. Fla. Mar. 30, 2011).

At trial, Defendants presented absolutely no evidence that they attempted to ascertain the law to insure that they were in compliance with the FLSA, whether by contacting an attorney, accountant, of the Department of Labor, etc. In fact, Plaintiffs elicited from Defendants that they knew about the overtime wage laws during the relevant time period and never took any affirmative steps to verify whether they were in compliance with the overtime wage laws in relation to payment of Plaintiffs' wages. Further, the GPS records, which were produced by Defendants during the course of the litigation and used as an exhibit at the jury trial (including a

summary per Rule 1006), reflected that each vehicle driven by Plaintiffs during the relevant time period drove/worked some overtime. Moreover, the Jury found that Plaintiffs worked compensable overtime hours during one or more weeks during their employment with Defendants for which they were not properly paid. *See,* [D74]. More specifically, the jury found that Plaintiff Carlos worked six (6) overtime hours per week for a total of forty-five (45) weeks for which he was not paid and Plaintiff Alvaro worked four (4) overtime hours per week for a total of forty-five (45) weeks for which he was not paid. *Id.* As a result, Defendants have failed to meet the subjective good faith standard and liquidated damages must be awarded.

### B. <u>Objective Good Faith</u>

Even if the Court were to somehow find that Defendants acted with subjective good faith, Defendants must still demonstrate that they acted with objective good faith:

> Even if the subjective good faith requirement is satisfied, the defendants must also demonstrate objective good faith. *See Dybach,* 942 F.2d at 1567. This standard is satisfied if the employer had reasonable grounds for believing that its conduct comported with the FLSA and took affirmative steps to investigate and ensure that the payment of wages was in conformity with the federal wage laws. *Id.* The defendants claim that they satisfied the objective good faith standard solely because the classification of the plaintiff as an independent contractor was allegedly "a close call," and, therefore, was "clearly within the 'reasonable grounds' requirement of the good faith test."*See* Defendant's Response (DE# 117 at 3). Even if there were reasonable grounds to believe that the plaintiff was an independent contractor under the FLSA, the law requires that the defendants show what actions they took to ascertain this belief. *See Barcellona v. Tiffany English Pub,* 579 F.2d 464, 469 (5th Cir.1979)[1] (explaining that good faith "requires some duty to investigate potential liability under the FLSA") (citation omitted). The defendants have failed to make this showing.

*Arias v. Alpine Towing, Inc.,* 10-20434-CIV, 2011 WL 1233229 (S.D. Fla. Mar. 30, 2011).

Defendants, in the case at hand, failed to demonstrate that they took any affirmative steps to ascertain their belief that Plaintiffs were being paid in compliance with the FLSA. In fact, Lazaro Guillermo Rovello, former owner of the Corporate Defendant, testified that when he sold the Corporate Defendant to the individual Defendant Horowytz there was a fully functioning time card machine which was part of the sale of the Corporate Defendant. It was elicited at the jury trial by both Lazaro Guillermo Rovello and Danny Perez Delgado ("team leader") that after the first few days post-the sale of the Corporate Defendant, the individual Defendant removed the fully functioning time card machine; as such, Defendants removed the time card machine and failed to maintain time records in compliance with the CFR. *See,* 29 U.S.C. §211(c); 29 C.F.R. §516.2; *Gaylord v. Miami-Dade County*, 78 F.Supp.2d 1320 (S.D. Fla. 1999); *Reich v. Dep't of Conservation & Natural Res., State of Ala.*, 28 F.3d 1076, 1081 (11th Cir. 1994); *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-87 (1946). In fact, Defendants testified that they took no affirmative steps to verify their compliance with the FLSA regulations during the relevant time period as they wrongly believed they were in compliance with same. As a result, Defendants failed to meet the objective good faith standard and liquidated damages must be awarded.

In *DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009), this Court found that attorney's fees related to collection on a final default judgment was available in FLSA cases. Stating;

> [i]n *Doden v. Plainfield Fire Protection Dist.,* 108 F. 3d 1379 (7th Cir. 1997), suggests that attorney's fees for post-judgment work may be available in FLSA cases. In *Doden,* the district court denied the plaintiff's request for attorneys fees in collecting a judgment finding that the plaintiff's efforts were unnecessary because the defendant was willing, ready and able to pay the judgment. 2008 U.S. Dist. LEXIS 72327, [WL] at * 2. The district court's reasoning for denying the fee request suggests that the

>district court may have awarded the fees had the plaintiff's attorney's efforts been necessary. On appeal, the Seventh Circuit affirmed the district court's decision noting that the record supported the district court's finding that the plaintiff's engaged in unnecessary efforts relating to the judgment. "This is a clear, concise, and reasonable explanation of why attorneys' fees were not awarded for these motions, and thus, the district court did not abuse its discretion in the denial of fees." 2008 U.S. Dist. LEXIS 72327, [WL] at *5.

This court in the *DiFrancesco* decision further stated:

>The courts have awarded post-judgment collection fees in cases involving other federal statutes. In *Free v. Briody,* 793 F. 2d 807 (7th Cir. 1986), the Seventh Circuit affirmed an award of attorney's fees for efforts made to collect a judgment arising out of a lawsuit brought under the Employee Retirement Income Security Act ("ERISA"). In affirming the fee award the circuit court noted that "[n]othing on the face of the statute, or in its history or purpose, suggests that the only legal efforts that can be compensated by an award of fees are those that precede the judgment, and not those incurred afterward to make the judgment a reality." *Id.* at 808. The circuit court further noted that "the entry of the judgment is not the end of the litigation . . . . It would make no more sense to deny attorney's fees for efforts to collect a judgment than it would to deny them for efforts to defend a judgment on appeal." *Id.* at 809.

Plaintiffs' attorneys will have to exert more time and effort in collection of the default judgment resulting from the underlying FLSA case and as a result should be awarded reasonable attorneys' fees and costs pursuant to the Court's decision in *DiFrancesco*.

**WHEREFORE**, PLAINTIFFS, CARLOS HELIEL VAIL LUX, AND ALVARO GAMALIEL VAIL LUX, RESPECTFULLY REQUEST THAT THIS COURT GRANT THIS MOTION AND IMPOSE LIQUIDATED DAMAGES SO THAT PLAINTIFS ARE ADJUDGED TO RECEIVE THE FOLLOWING AS DAMAGES DOUBLED AGAINST DEFENDANTSRCH LAWN MAINTENANCE LLC, AND SETH HOROWYTZ, JOINTLY AND SEVERALLY:

(a) CARLOS HELIEL VAIL LUX **$9,720.00** (45 weeks x 6 overtime hours per week x $18/hr.[5] x 2)

(b) ALVARO GAMALIEL VAIL LUX **$7,020.00** (45 weeks x 4 overtime hours per week x $19.50/hr.[6] x 2)

PLAINTIFFS ALSO RESPECTFULLY REQUEST THAT THE COURT RESERVE JURISDICTION TO DETERMINE THE AMOUNT OF PLAINTIFFS' ATTORNEYS' FEES AND COSTS, INCLUDING FUTURE FEES AND COSTS IN COLLECTION OF THE FINAL DEFAULT JUDGMENT.

## CERTIFICATE OF CONFERRAL

Defendants oppose the subject Motion.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167
By:_s/ Rivkah F. Jaff, Esq. ___
    Rivkah F. Jaff, Esquire
    Florida Bar No.: 107511

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA EMAIL ON 7/12/18 TO:**

**DANIEL R. LEVINE, ESQ.
PADULA BENNARDO LEVINE, LLP
3837 NW BOCA RATON BLVD., SUITE 200
BOCA RATON, FL 33431
PH: 561-544-8900**

---

[5] The Parties stipulated that Plaintiff Carlos Heliel Lux's overtime rate is $18.00/hr.

[6] The Parties stipulated that Plaintiff Alvaro Gamaliel Vail Lux's overtime rate is $19.50/hr.

**FAX: 561-544-8999**
**EMAIL: DRL@PBL-LAW.COM**

**BY:\_\_/s/\_\_\_\_Rivkah F. Jaff_____**
    **RIVKAH F. JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-25039-CIV-JLK

CARLOS HELIEL VAIL LUX, ALVARO )
GAMALIEL VAIL LUX, and all others )
similarly situated under 29 U.S.C. 216(b), )
                                           )
          Plaintiffs,                      )
    vs.                                    )
                                           )
RCH LAWN MAINTENANCE LLC,                  )
SETH HOROWYTZ,                             )
                                           )
          Defendants.                      )
_____    )

# FINAL JUDGMENT AND DEFAULT THAT INCLUDES IMPOSITION OF LIQUIDATED DAMAGES AS TO DEFENDANTS, JOINTLY AND SEVERALLY

This cause, having come before the Court on Plaintiffs' Motion for the Imposition of Liquidated Damages against Defendants, jointly and severally, and the Court being duly advised in the premises, Plaintiffs' Motion is GRANTED as follows:

1. The Jury's award to the Plaintiff CARLOS HELIEL VAIL LUX is hereby liquidated and doubled to **$9,720.00** (45 weeks x 6 overtime hours per week x $18/hr.[7] x 2);

2. The Jury's award to the Plaintiff ALVARO GAMALIEL VAIL LUX is hereby liquidated and doubled to **$7,020.00** (45 weeks x 4 overtime hours per week x $19.50/hr.[8] x 2)

3. Final Judgment for such amount above-stated is hereby entered against Defendants, RCH LAWN MAINTENANCE LLC, and SETH HOROWYTZ, jointly and severally, and such amount shall accrue at the Federal statutory interest as prescribed under 28 U.S.C.

---

[7] The Parties stipulated that Plaintiff Carlos Heliel Lux's overtime rate is $18.00/hr.

[8] The Parties stipulated that Plaintiff Alvaro Gamaliel Vail Lux's overtime rate is $19.50/hr.

Section 1961 from the date of the Verdict on (7/11/18) onward. Let execution issue forthwith.

4. Further, Plaintiffs' counsel, J.H. Zidell, P.A., shall be entitled to collect reasonable attorneys' fees and costs to date along with future reasonable attorneys' fees and costs upon collection of the Final Default Judgment. Plaintiffs' counsel, J.H. Zidell, P.A., shall take fees and costs from Defendants, jointly and severally, which sum shall be determined by the Court and said sum shall bear interest at the legal rate from the date of this judgment onward and for which sum let execution shall issue. *See DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009). The Court shall retain jurisdiction to entertain said fees and cost motion which will include fees and costs to date and will retain jurisdiction associated with collection of the default of the default.

5. The Court reserves jurisdiction to determine the amount of Plaintiffs' attorneys' fees and costs under Local Rule 7.3. Attorneys' fees and costs shall be addressed in a separate order.

DONE AND ORDERED in chambers in Miami, Florida, on this _____ day of _____, 2018.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record