UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-25039-CIV-JLK

CARLOS HELIEL VAIL LUX, ALVARO )
GAMALIEL VAIL LUX, and all others )
similarly situated under 29 U.S.C. 216(b), )
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs, )
　　vs. )
　　　　　　　　　　　　　　　　　　)
RCH LAWN MAINTENANCE LLC, )
SETH HOROWYTZ, )
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants. )
_____ )

**PLAINTIFFS' RESPONSE IN OPPOSITION TO [DE81]**

**COME NOW** the Plaintiffs, by and through the undersigned, and hereby file this Response in Opposition to Defendants' Motion for Enlargement of Time to File Response to Plaintiffs' Motion for Liquidated Damages, filed as [DE81], and in support thereof state as follows:

1. Following a jury trial, the jury awarded Plaintiff, CARLOS HELIEL VAIL LUX, against Defendants, jointly and severally, the following sum in unpaid overtime wages, as set forth in the Verdict Form [DE74]: **$4,860.00** (45 weeks x 6 overtime hours per week x $18/hr.[1]).

2. Moreover, following a jury trial, the jury awarded Plaintiff, ALVARO GAMALIEL VAIL LUX, against Defendants, jointly and severally, the following sum in unpaid

---

[1] The Parties stipulated that Plaintiff Carlos Heliel Lux's overtime rate is $18.00/hr.

overtime wages, as set forth in the Verdict Form [DE74]: **$3,510.00** (45 weeks x 4 overtime hours per week x $19.50/hr.[2]).

3. Thus, Plaintiffs are the prevailing parties under 29 USC § 216(b) of the Fair Labor Standards Act (the "FLSA") as to such claims.

4. In order to avoid the imposition of liquidated damages an employer must demonstrate to the satisfaction of the Court that it acted with both subjective and objective good faith. *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272-1274 (11th Cir. 2008).

5. At trial, Defendants failed to produce any evidence that they acted with both subjective and objective good faith.

6. As a result, the Court must award Plaintiffs liquidated damages based on binding case law discussed and cited herein. See also, *Davila v. Menendez*, 717 F.3d 1179, 1186 (11th Cir. 2013); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.,* 515 F.3d 1150, 1165 (11th Cir. 2008).

7. As of the filing of this Response, Defendants have **not** filed a suggestion of Chapter 11 bankruptcy and a stay has **not** been entered.

8. Bankruptcy Code defines insolvency as a financial condition wherein the sum of such entity's debts is greater than all of such entity's property, at a fair valuation." *See,* 11 U.S.C. § 101(32)(A). Before assessing the merits of Defendants intent to file Bankruptcy, Defendants and Defendants Bankruptcy counsel should be aware of the full amount of the Judgement. As such the Judgement of imposition of liquidated damages should be Ordered forthwith.

---

[2] The Parties stipulated that Plaintiff Alvaro Gamaliel Vail Lux's overtime rate is $19.50/hr.

9. Defendants have now moved this Court to enlarge time for them to respond to Plaintiffs' pending Motion For Liquidated Damages. [DE26]. Undoubtedly, Defendants were aware of the pending deadlines and elected to file said motion in the eleventh hour, on the eve of same.

10. Defendants have not presented any good cause to substantiate their position that the deadlines prescribed by the controlling law should not apply to Defendants and/or that they should be permitted to an enlargement of time to respond. Further, Defendants' Motion [DE81] is void of any reason whatsoever as to why Defendants were unable to meet the deadline.

11. It is abundantly clear, based on the barebones Motion filed by the Defendants, Defendants request for an enlargement is solely for the purposes of delay and the Court should find that the aforesaid does not constitute good cause shown to justify the requested enlargement. An enlargement of time would permit the Defendants to avoid its wage debt and such a delay of Plaintiffs' wages would be unjust. Moreover, the court should prevent Defendants from holding up this matter any longer; such stalling tactics are the Defendants pattern of behavior.

12. Consequently, in entering a Final Judgment in this cause, Plaintiffs respectfully request the Court impose liquidated damages against the Defendants, jointly and severally, and therefore said Verdict should be doubled, as set forth in Plaintiffs' pending Motion for the Imposition of Liquidated Damages. Further, Defendants' Motion [DE81] should be denied in its entirety. Lastly, Plaintiffs respectfully request an award of Plaintiffs' fees accrued in connection with this Response in Opposition and all related work.

## **MEMORANDUM OF LAW**

The Court has discretion to grant enlargements and to amend its scheduling order when good cause is shown. *See Johnson v. Bd. of Regents of Univ. Ga.*, 263 F.3d 1417 (11th Cir. 2011); *See also, Sosa v. Airport Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Michael GreccoPhotography, Inc. v. Everett Collection, Inc*., No. 07-CIV-8171, 2008 WL 4580024, *3-4 (S.D.N.Y. 10/14/08).

Herein, Defendants have failed to demonstrate good cause to justify an extension under FRCP 6 and *Hetzel v. Bethlehem Steel Corp*., 50 F.3d 360 (5th Cir. 1995). Plaintiffs have moved this Court for the imposition of liquidated damages and respectfully request the Court to enter same forthwith. Plaintiffs respectfully request that the Court deny Defendants' Motion [DE81] in its entirety -- Defendants have failed to demonstrate good cause for the requested enlargement -- and grant Plaintiffs' reasonable fees incurred in opposing the instant Motion [DE81] and all related work.

WHEREFORE in entering a Final Judgment in this cause, Plaintiffs respectfully request the Court impose liquidated damages against the Defendants, jointly and severally, and therefore said Verdict should be doubled, as set forth in Plaintiffs' pending Motion for the Imposition of Liquidated Damages. Further, Defendants' Motion [DE81] should be denied in its entirety. Lastly, Plaintiffs respectfully request an award of Plaintiffs' fees accrued in connection with this Response in Opposition and all related work.

    Respectfully submitted,

    J. H. ZIDELL, P.A.
    ATTORNEYS FOR PLAINTIFFS
    300-71ST STREET, SUITE 605
    MIAMI BEACH, FLORIDA 33141
    305-865-6766
    305-865-7167

By:_s/ Neil Tobak, Esq. ___
Neil Tobak, Esquire
Florida Bar No.: 093940

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 7/27/18 TO:**

**DANIEL R. LEVINE, ESQ.**
**PADULA BENNARDO LEVINE, LLP**
**3837 NW BOCA RATON BLVD., SUITE 200**
**BOCA RATON, FL 33431**
**PH: 561-544-8900**
**FAX: 561-544-8999**
**EMAIL: DRL@PBL-LAW.COM**

BY:__/s/____Neil Tobak_____
**NEIL TOBAK, ESQ.**